IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>    *Plaintiffs,*<br><br>  v.<br><br>SANSUMAR, INC. a Wisconsin corporation,<br><br>    *Defendant*. | Case No. 20-CV-3974<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Heather McShain |

**CONSENT JUDGMENT**

  **WHEREAS**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, as Trustee filed their complaint on July 8, 2020;

  **WHEREAS**, Defendant was served with the complaint on July 13, 2020, and its answer was due on or before August 3, 2020;

  **WHEREAS**, the parties consent and stipulate to the entry of judgment against Defendant and in favor of Plaintiffs as set forth below.

  **NOW THEREFORE**, the parties consent and stipulate to, and the Court finds, the following:

**JURISDICTION AND VENUE**

  1.  This Court has jurisdiction over this action under ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

  2.  Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust

Agreement, which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## FINDINGS OF FACT[1]

3. The Pension Fund is a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Pension Fund is administered by its Board of Trustees at 8647 West Higgins Road in Chicago, Illinois.

4. Sansumar, Inc. ("Sansumar") is a corporation organized under the laws of the State of Wisconsin.

5. During all relevant times, Sansumar was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, pursuant to which Sansumar was required to make contributions to the Pension Fund on behalf of certain of its employees.

6. On or about November 25, 2018, Sansumar permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

7. As a result of this complete withdrawal, Sansumar incurred withdrawal liability to the Pension Fund in the principal amount of $1,194,540.11, as determined under 29 U.S.C. § 1381(b).

---

[1] To the extent certain findings of fact may be deemed to be conclusions of law, they also shall be considered conclusions of law. Similarly, to the extent matters contained in the conclusions of law may be deemed findings of fact, they also shall be considered findings of fact.

8. On or about March 19, 2020, Sansumar received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with U.S.C. §§ 1382(2) and 1399(b)(1).

9. The notice and demand notified Sansumar that it was required to discharge its liability in a lump-sum payment of $1,194,540.11 or in monthly payments of $2,312.96, with the first installment due on or before April 1, 2020, and the final installment due on or before March 1, 2040.

10. On April 22, 2020, Sansumar received a past due notice from the Pension Fund pursuant to 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due.

11. To date, Sansumar has not requested review of the withdrawal liability assessment under 29 U.S.C. §1399(b)(2)(A) and has not initiated arbitration to contest the assessment pursuant to 29 U.S.C. §1401(a)(1).

12. Sansumar has not remitted payment of the withdrawal liability (or any part thereof) to the Pension Fund.

## CONCLUSIONS OF LAW

13. Sansumar did not timely initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1). *Cent. States, Se. & Sw. Areas Pension Fund v. Bell Transit Co.*, 22 F.3d 706, 707 (7th Cir. 1994).

14. Sansumar failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of 29 U.S.C. § 1399(c)(5).

15. Under 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992).

16. Accordingly, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to judgment in its favor for:

   (a) the unpaid withdrawal liability in the amount $1,194,540.11;
   (b) interest on the unpaid withdrawal liability;
   (c) an amount equal to the greater of: (1) the interest on the unpaid withdrawal liability, or (2) liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the unpaid withdrawal liability;
   (d) reasonable attorney's fees and costs; and
   (e) such other relief the Court deems appropriate.

An award of these amounts is mandatory. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).

17. Pursuant to 29 U.S.C. § 1132(g)(2), interest on the unpaid withdrawal liability is computed and charged at the rate set by the plan.

18. Under the Pension Fund Trust Agreement, interest on delinquent withdrawal liability payments is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged.

19. Accordingly, Sansumar owes the Pension Fund interest in the amount of $25,287.63 through August 26, 2020, on the unpaid withdrawal liability principal.

20. Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the plan.

21.     The Pension Fund Trust Agreement provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. Accordingly, Sansumar owes the Pension Fund liquidated damages in the amount of $238,908.02, which represents 20% of the unpaid withdrawal liability principal (and is greater than the delinquent interest amount discussed above).

22.     Pursuant to 29 U.S.C. § 1132(g)(2), Sansumar is also required to pay all reasonable attorney's fees and costs incurred in connection with the Pension Fund's claim. The Pension Fund has incurred $1,191.50 in attorneys' fees and $475.00 in costs with respect to its claim for withdrawal liability against Sansumar.

23.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to post-judgment interest on the judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

A.     That a judgment is entered in favor of Plaintiffs and against Defendant.

B.     That Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, Trustee, have and recover judgment from and against Defendant in the total amount of $1,460,402.26. This amount consists of the following amounts pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b); (i) $1,194,540.11 in withdrawal liability; (ii) $25,287.63 in interest through August 26, 2020; (iii) $238,908.02 in liquidated damages; (iv) $1,191.50 in attorneys' fees; and (v) $475.00 in costs.

C.     That the Pension Fund is awarded post-judgment interest on the withdrawal liability judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest

rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

   D. That Plaintiffs are awarded execution for collection of the judgment and costs granted.

| APPROVED: | APPROVED: |
|---|---|
| */s/ Matthew B. Wesley* | */s/with consent of Martin J. Leavitt* |
| Matthew B. Wesley (ARDC # 6327766) | Martin J. Leavitt |
| Central States Funds Law Department | Sullivan & Leavitt, P.C. |
| 8647 W. Higgins Rd. | 22375 Haggerty Rd. |
| Chicago, IL 60631 | Novi, MI 48375 |
| (847) 777-4035 | (248) 349-3980 |
| mwesley@centralstatesfunds.org | mjl@sullivanleavitt.com |
| Counsel for Plaintiffs | Counsel for Defendant |

ENTERED:

Dated: 8/31/2020          /s/ Gary Feinerman
                  Hon. Gary Feinerman
                  United States District Judge